UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANTRELL VONIQUE BROWN,

        Petitioner,

        Case No. 2:19-cv-174

v.

        Honorable Robert J. Jonker

CONNIE HORTON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

**I.     Factual Allegations**

Petitioner Antrell Vonique Brown is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Chippewa County, Michigan. Following a two-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of two counts of possession of less than 25 grams of cocaine, one count of carrying a concealed weapon, one count of felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony-second offense. On April 10, 2015, the court sentenced Petitioner to concurrent prison terms of 3 years, 10 months to 15 years for the drug convictions, carrying a concealed weapon, and felon in possession of a firearm. Those sentences were to be served consecutively to a sentence of 5 years for the felony-firearm violation.

On August 29, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on August 29, 2019. (Pet., ECF No. 1, PageID.31.)

**II.    Statute of Limitations**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 31, 2017. *See* http://publicdocs.courts.mi.gov/sct/public/orders/154498_71_01.pdf (visited Oct. 17, 2019). Petitioner then sought reconsideration. The Michigan Supreme Court denied reconsideration on May 31, 2017. *See* http://publicdocs.courts.mi.gov/sct/public/orders/154498_75_01.pdf (visited Oct. 17, 2019).

Petitioner did not petition for certiorari to the United States Supreme Court. His petition suggests that he did (Pet., ECF No. 1, PageID.3.), but the Supreme Court has no record of such a petition, *see* https://www.supremecourt.gov/docket/docket.aspx (search "Antrell," visited Oct. 17, 2019), and the case number and relevant dates he provides correspond to the Michigan Supreme Court case. Even though Petitioner did not petition for certiorari, the one-year limitations

period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 29, 2017.

Petitioner had one year from that date, until August 29, 2018, to file his habeas application. Petitioner filed this application on August 29, 2019. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner did not seek collateral review in the state courts after the judgment became final. Nonetheless, he did seek such relief in this Court.

On August 27, 2018, with two days left in the period of limitation, Petitioner filed a habeas petition challenging the same convictions he challenges now. *Brown v. State of Michigan,* No. 1:18-cv-974 (W.D. Mich.) (Pet., ECF No. 1.) The petition was not filed on the approved form. All applications for habeas corpus relief must be submitted on the form petition provided by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a). Instead, Petitioner filed a 57-page handwritten petition that did not provide the information required by the form petition. He attached 150 pages of exhibits which included another 100 pages of handwritten legal argument. Petitioner's rambling submission did not clearly identify the issues he sought to

raise by way of the petition nor did it indicate which issues had been raised in the state appellate courts.

To facilitate preliminary review under Rule 4, by order entered September 24, 2018, the Court directed Petitioner to file an amended petition on the Court form or his petition would be dismissed without prejudice. *Brown*, No. 1:18-cv-974 (W.D. Mich. Sept. 24, 2018) (Order, ECF No. 2.) Petitioner did not comply and, on November 15, 2018, the Court dismissed the case without prejudice for want of prosecution. *Id.*, (Order and J., ECF Nos. 4, 5.) Petitioner did not appeal that decision. Instead, for several months thereafter, Petitioner peppered the Court with objections, insisting that the Court address his petition on the merits and accusing the Court of malice, corruption, and religious bias. But, Petitioner never explained his failure to comply with the Court's order and he never complied with the Court's order by filing an amended petition on the court form.

The federal petition did not toll the running of the statute under § 2244(d)(2). *Duncan*, 533 U.S. at 181-82. But, *Duncan* does not foreclose the possibility that the running of the statute might be equitably tolled during the pendency of a federal habeas petition. *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2018).

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood*

*v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner could certainly argue that he was pursuing his rights diligently during the pendency of his first petition.  There would be ample reason to equitably toll the statute during that period.  Moreover, the statute might also be equitably tolled for some period after his first petition was dismissed to permit Petitioner to marshal his resources and prepare a second petition on the proper form.  Here, however, Petitioner waited months and months, stubbornly choosing to fight a misdirected battle even after the Court told him repeatedly that the dismissal was without prejudice and even after the Court specifically suggested that Petitioner simply file another petition in a new action.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application during the months that followed dismissal of his first petition. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be filed in good faith.

Dated: November 26, 2019        /s/ Maarten Vermaat
                                Maarten Vermaat
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).